NO. 14-18-00045-CV

IN THE COURT OF APPEALS
FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

MAY 18 2018

CHRISTOPHER A. PRINE
CLERK

MARK ANTHONY FORNESA, JUDY THANH FORNESA,
RICARDO FORNESA JR., and CYNTHIA FORNESA,

APPELLANTS,

v.

FIFTH THIRD MORTGAGE CO. and FIFTH THIRD BANK,

APPELLEES.

Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Case No. 17-CCV-060874
Hon. Christopher G. Morales, presiding

NO. 14-18-00222-CV

IN THE COURT OF APPEALS
FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

IN RE RICARDO FORNESA JR., CYNTHIA FORNESA, JUDY THAN
FORNESA, & MARK ANTHONY FORNESA, Relators

APPELLANTS' RESPONSE TO FIFTH THIRD'S MOTION TO
DISMISS CONSOLIDATED APPEAL AND MANDAMUS

1

TO THE HONORABLE COURT OF APPEALS:

Appellants and Relators, Ricardo Fornesa Jr., Cynthia Fornesa, Judy Thanh Fornesa, and Mark Anthony Fornesa (hereinafter referred as "Appellants" or "Relators" or "Debtors") file their Response in Appellees' Motion to Dismiss Consolidated Appeal and Mandamus, and respectfully show that the Consolidated Appeal and Mandamus are not moot and must not be dismissed because the subject property is an arguable residential homestead of debtors and appellants. This arguable property was willfully foreclosed by Fifth Third without seeking relief from the bankruptcy court by submitting false affidavit, thus committing false statements of material facts knowingly made by Kendra Wiley and Malik Cheatam in the Affidavit of Mortgagee which were made in connection with the official proceeding of the foreclosure sale and constitute a violation of Section 37.03 Texas Penal Code. Additionally, despite the willful foreclosure committed by Fifth Third, Judge Dornburg and Judge Morales signed the Final Judgment on January 10, 2018 favoring the willful foreclosure to execute unlawful eviction so that the debtors can be kicked out from their residential homestead on February 28, 2018 which showed that the rules of law were not upheld and not dignified when no reasonable person could be expected to endure it because of severe emotional distress.

## A. FACTS RELEVANT TO THE CASE

2

1. On February 17, 2010, Appellants Mark Anthony Fornesa and Judy Thanh Fornesa obtained a loan from Fifth Third Mortgage Company in the amount of $118,945.00 with a 30-year fixed rate amortization of $1,177.80 every month. (Clerk's Record, pp. 296-307).

2. On February 28, 2010 after 11 days, RICARDO FORNESA JR. invested in his son's property via an EQUITY SHARING OF REAL PROPERTY between him as the INVESTOR with his son and his daughter-in-law as OCCUPIERS by paying them $588.90 a month for 3 years totaling to $21,200.40 as his Monthly Capital Investment and Mark & Judy Fornesa paying the other $588.90. (Clerk's Record, pp. 450-480).

3. This Equity Sharing of Real Property is a private agreement between father and son so they did not inform Fifth Third Mortgage Company with regards to this agreement. (Clerk's Record, pp. 421-429).

4. On September 30, 2012, Debtors filed Chapter 13 Reorganization and the 50% investment of the said property totaling to $18,255.00 during that time was included on the Bankruptcy schedules under SCHEDULE B – PERSONAL PROPERTY and SCHEDULE C – PROPERTY CLAIMED AS EXEMPT per Equity Sharing Agreement in son's house pursuant to 11 U.S.C. § 522(d)(5) so his investment in 6427 Moreland Lane, Rosenberg, TX 77469 is under the protection of the confirmed plan of reorganization

being in automatic stay from September 30, 2012 up to the time when willful forclosure on May 5, 2015 and unlawful detainer action on Feb. 28, 2018 occurred. Amendments to Chapter 13 schedules followed in latter dates. (Clerk's Record, pp. 57-64).

5. In January of 2014, Ricardo Fornesa Jr. surrendered his residential homestead located at 2123 Squire Dobbins Drive, Sugar Land, TX 77478 which was approved by the Bankruptcy Court to HSBC and moved to 6427 Moreland Lane, Rosenberg, TX 77469 and lived together with his son and daughter-in-law being the 50% investor of the said property. During this time Ricardo Fornesa Jr. was the one paying Fifth Third Mortgage Company the Regular Monthly Payment of $1,129.95 from April 10, 2014 to October of 2014. Fifth Third always cashed the checks paid by him so that Mark Anthony Fornesa will pay him $564.98 as his contribution in the monthly mortgage payment. (Clerk's Record, pp. 478-480).

6. Debtors defaulted on a home loan for four (4) months, from November, 2014 through February, 2015, so Fifth Third sent a Mortgage Loan Statement dated March 17, 2015 demanding to send payments for November, December, January, February, March, and for the month of April current payment. The statement stated that when amount of $7,019.22 ($6,996.99 + $22.23) is received before April 30, 2015, it will be a FULL

4

PAYMENT to cure default so the loan will have a CURRENT STATUS. (Clerk's Record, p. 331).

7. The check in the amount of $7,019.22 including the bankruptcy case filing were received by Fifth Third on April 29, 2015 signed for by A. Keith. Fifth Third Bank's Senior Vice-President, Brian P. Moore ignored the bankruptcy case filing and the March 17, 2015 Mortgage Loan Statement and instead returned the check to Debtors on May 4, 2015 and then hired Mackie Wolf Zientz & Mann, P.C. to pursue the Foreclosure Sale on May 5, 2015. (Clerk's Record, pp. 329-330).

8. Despite receiving the notice of bankruptcy case filing and the check of $7,019.22 to cure the default on April 29, 2015, seven days before the foreclosure sale date, Fifth Third willfully violated the automatic stay that arises from the filling of bankruptcy, an injunction of the Southern District of Texas Federal Court, by foreclosing on the Registered Owners and Debtors' residential homestead.

9. The unlawful foreclosure was conducted on May 5, 2015 when Kendra Wiley on behalf of Fifth Third submitted a false affidavit in a foreclosure proceeding on May 5, 2015 resulting in a successful willful foreclosure because the County Court was defrauded by this false affidavit that Registered Owners and Debtors Ricardo Fornesa Jr. and Cynthia Fornesa

5

were not protected by automatic stay while Malik Cheatam caused the Affidavit of Mortgagee to be filed and recorded into the Official Public Records of Real Property of Fort Bend County on May 20, 2015 at 1:17 PM. A copy of Affidavit of Mortgagee of Ms. Cheatam and the false Affidavit executed by Kendra Wiley were used as evidences to pursue the willful foreclosure. (Clerk's Record, pp. 21-23).

10. Fifth Third filed a forcible entry and detainer action in justice court on June 4, 2015, further violating the automatic stay. This was the FIRST SUIT TO EVICT with a 3 Day Notice to Vacate in the Justice Court at Fort Bend County, TX. Debtor Ricardo Fornesa Jr. who is the Registered Owner on record responded immediately why their house was sold while the bankruptcy stay was in effect and bankruptcy case filing was sent to them seven days before the foreclosure sale date, Fifth Third admitted that they had done unlawful foreclosure but did not return the property back to Debtors and remained quiet about it. When Debtor Ricardo Fornesa Jr. filed the Original Answer stating that the property was under the protection of automatic stay, Fifth Third on June 29, 2015 filed a Motion for Non-Suit and Justice Court Presiding Judge Mary Ward entered an Order of Non-Suit on June 30, 2015. Following Fifth Third's admittance of an unlawful foreclosure, an attorney for Mackie Wolf Zientz & Mann P.C., Philip W.

6

Danaher on July 21, 2015, made a Declaration that Debtors Ricardo Fornesa Jr. and Cynthia Fornesa are the Registered Owners of Property R335432 recorded in the Appraisal District for Fort Bend County. The first SUIT TO EVICT was non-suited by Fifth Third because it was unlawfully foreclosed by their own admission and by their own declaration, but the sale of the property was not rescinded. (Clerk's Record, Fifth Third's Document 1-1 and Document 1-2 filed by Fifth Third on 07/21/15, pages 219-227).

11. On May 5, 2015, despite the receipt on April 29, 2015 of $7,019.22 as FULL PAYENT to cure the default and Notice of Bankruptcy Case Filing received by Brian P. Moore as provided by Ricardo Fornesa Jr., Debtors' home was sold in violation of the automatic stay. Kendra Wiley executed a false affidavit on May 5, 2015 that at the time of foreclosure sale, debtors and registered owners were not protected by any stay under the United States Bankruptcy Code. On May 5, 2015, Fifth Third committed fraudulent transfer when Malik Cheatam executed an Affidavit of Mortgage stating that the Grantors are Mark Anthony Fornesa & Judy Thanh Fornesa and NOT Ricardo Fornesa Jr. and Cynthia Fornesa. Debtors were holders of title and have possession of the property since January 8, 2015 and during the foreclosure sale on May 5, 2015.

7

12. When Debtor Ricardo Fornesa Jr. and Mark Anthony Fornesa filed an independent lawsuit against Fifth Third in the 240th Judicial District Court of Fort Bend County to get back the property on June 23, 2015 as a response to Fifth Third's FIRST SUIT TO EVICT, it was docketed as Case No. 15-DCV-224304. Case went to Federal Court docketed as Case No. 4:15-CV-02094 and a bench trial was conducted on August 3, 2016 by Judge Hoyt.

13. A false testimony under oath was committed by Michelle Fancher during the trial on August 3, 2016. She testified that there were notes in the system that Debtors made multiple calls right after the foreclosure and Debtors were given two weeks to make the loan current. This was never true because Debtors never called them after the foreclosure. Pursuant to Penal Code Chapter 37 Sec. 37.02(1), Michelle Fancher had committed a Perjury when she testified under oath that Debtors called Fifth Third multiple times after the foreclosure. It was a Perjury if she made a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath. Pursuant to Penal Code Chapter 37 Sec. 37.03(1), Michelle Fancher had committed Aggravated Perjury when a false statement was made during or in connection with an official proceeding such as during the trial and the false statement became a material fact. (Clerk's Record, pp. 563-567).

14. Although the automatic stay provided by 11 U.S.C. § 362(a) protects property of the bankruptcy estate from actions by creditors, including foreclosure and repossession, Judge Hoyt ruled in favor of Fifth Third when he excluded 9 out of 22 trial exhibits on March 23, 2017 after almost eight (8) months of the bench trial held on August 3, 2016, although evidences were submitted several times before and during the trial. He stated in his highly-questionable Findings of Fact and Conclusions of Law that Debtor Ricardo Fornesa Jr. was stooped from claiming a § 362 violation.

15. Judge Kenneth Hoyt further stated that the evidence showed that Ricardo did not seek bankruptcy protection as it relates to the Rosenberg property because he made no reference to the property except as a cash interest appeared in his bankruptcy schedules. Pursuant to 11 USC §362 and Tex.R.Civ.P. Rule 736.11(d) that voided the foreclosure sale, Registered Owners and Debtors were entitled to the return of their Property which Fifth Third did not do but instead filed the SECOND SUIT TO EVICT because Judge Hoyt ruled in their favor. Notice of Appeal was filed on May 1, 2017 in United States Court of Appeals Fifth Circuit and has not been decided until now after more than one year.

16. Debtors Ricardo Fornesa Jr. and Cynthia Fornesa properly amended the SCHEDULE C – PROPERTY CLAIMED AS EXEMPT in Case 12-37238

9

Document 120 Filed in TXSB on 05/15/17. Despite of the properly amended Schedule C on May 15, 2017, Fifth Third still filed their SECOND SUIT TO EVICT on August 2, 2017 after three (3) months of the properly amended Schedule C because Judge Hoyt ruled in favor of Fifth Third's unlawful foreclosure even though it was not authorized by 11 USC §362 which was clearly an Abuse of Discretion. (Clerk's Record, pp. 57-64).

17. The violation of stay was intentional, notorious, and obvious but since Judge Hoyt ruled on their favor, Fifth Third used again on August 2, 2017 exactly the same documents in their SECOND SUIT TOEVICT. Bankruptcy schedules were properly amended in the last three months when Fifth Third filed the SECOND SUIT TO EVICT. Instead of giving the property back to Debtors, Fifth Third relied on Judge Hoyt's decision of unlawful foreclosure and filed their SECOND SUIT TO EVICT. (Clerk's Record, pp. 11-44).

18. On August 14, 2017, Debtors Ricardo Fornesa Jr. and Cynthia Fornesa filed a counter lawsuit in State Court as a response to Fifth Third's SECOND SUIT TO EVICT filed on August 2, 2017, but it was removed to United States District Court as Case No. 4:17-cv-02728. A Pretrial Conference was set for 1/16/2018 and on January 18, 2018, U.S. Senior District Judge Nancy F. Atlas entered an ORDER that this case is STAYED and

10

ADMINISTRATIVELY CLOSED until all the Related Litigation is fully resolved by final judgments. (Clerk's Record, pp. 446-448).

19. On January 10, 2018, the JP Eviction Appeal trial was conducted by Judicial Officer Judge Andrew Dornburg admitting most of Appellants' exhibits but the Final Judgment was in favor of Fifth Third again following Judge Hoyt's decision for favoring unlawful foreclosure based on erroneous Findings of Fact and Conclusions of Law with another decision signed by Judge Dornburg and Judge Morales for unlawful eviction on February 28, 2018. (Clerk's Record, pp. 430-434).

20. A portion of the Transcript of Evicton Appeal hearing on January 10, 2018 will show why Debtor Ricardo Fornesa Jr. was not given due process of law and equal protection of the laws when Associate Judge Dornburg and Presiding Judge Morales could have decided the eviction appeal based on documentary evidendences submitted before the trial and not based on Judge Hoyt's questionable Memorandum Findings of Fact and Conclusions of Law which had been appealed in United States Court of Appeals Fifth Circuit because they were alleged to be an abuse of discretion. (Clerk's Record, pp. 388-391 and Reporter's Record, p. 31 of Vol. 2 of 3).

> THE COURT: But I'll tell you right now, Judge Hoyt has flat out said you don't get to claim. You are estopped -- that we're estopped from going forward with the -- from the --

11

THE COURT: -- from the -- we're not -- we can't -- that we're not stopped from going forward with the foreclosure because of your bankruptcy proceedings.

THE COURT: According to what I'm seeing right here, Fifth Mortgage is the rightful owner of this property. They have a foreclosure sale deed. They have a Deed of Trust stating that they are the owners of this property.

MR. FORNESA: Your Honor, it is – it is protected by the automatic stay according to *(unintelligible)*.

THE COURT: There is no automatic -- no. No, it is not. That's what -- that's what Plaintiff's Exhibit 4 flat out states. That's what Judge Hoyt up in -- up in the --

MR. FORNESA: That's why I'm appealing, Your Honor, because the findings of fact and the conclusions of law, that that's how it committed because he excluded nine very important documents in evidence, Your Honor; and that's what I'm appealing, Your Honor. And if you can see -- if you will only, you know, get this I -- I expect everything to here and from here, my reply brief, I explained everything to them and this is -- this is really --this is really unfortunate that this district judge -- and I even came and, you know, I was not treated fairly. You know, this was abuse of discretion over there. (Reporter's Record, Volume 2 of 3, pp. 31-32).

21. On January 23, 2018 after 13 days, Judge Dornburg and Judge Morales signed the Final Judgment prepared by Fifth Third. (Clerk's Record, pp. 430-434).

22. On January 24, 2018, Notice of Appeal was filed in the Fourteenth Court of Appeals.

23. On February 12, 2018, Defendants' Application for Temporary Restraining Order including affidavits of Debtors and Registered Owners Ricardo Fornesa Jr. and Cynthia Fornesa was filed.

24. On February 21, 2018, Notice of Hearing for Defendants' Application for Temporary Restraining Order was scheduled for trial on February 28, 2018.

25. On February 23, 2018, Writ of Possession was filed by Fifth Third Mortgage Company to evict Debtors and Registered Owners.

26. On February 26, 2018, Registered Owners filed Emergency Motion to Stay Writ of Possession and Request for Preliminary Injunction including affidavits of Debtors Ricardo Fornesa Jr. and Cynthia Fornesa.

27. On February 28, 2018 at 8:00 AM in Fort Bend County Court, Debtors filed a Motion to Stay Writ of Possession before the 9:00 AM trial for Defendants' Application for Temporary Restraining Order. Judicial Officer Judge Andrew Dornburg denied the Application for Temporary Restraining Order and an Order was furnished via hard copy again by Fifth Third's attorney in court which Judge Dornburg and Judge Morales signed on that day. (Amended Petition for Writ of Mandamus filed under Case No. 12-18-00222-CV on April 2, 2018, p. 87 of 155 pages).

28. Deputy Constable Nicholas Kaminski was inside the court room for the entire duration of the trial and when the hearing was concluded at about 12:00 PM, he approached the Debtors Ricardo Fornesa Jr. and Cynthia Fornesa ordering them that they should leave the property in the next several

hours, otherwise, Debtors will be escorted out of the house if they are still there and all of Debtors' belonging will be put outside.

29. Debtor Ricardo Fornesa Jr. hurriedly signed a contract for a public storage in Rosenberg, TX to bring as much of their belongings in the next several hours to the storage. He hired few people to help them move their clothings, appliances, beds, furniture & fixtures, and other goods in a very fast manner for fear of being escorted outside from their residential homestead.

30. During this speedy move, Debtor Ricardo Fornesa Jr. hurt his right shoulder and his neck while his wife, Cynthia Fornesa, was crying all the time while packing their belongings. After several hours of bringing their stuff to the leased public storage and leaving a lot of their belongings because of limited time, they went to their son, Mark Anthony Fornesa who is a police officer in Harris County, to spend the night and take a little rest. Cynthia did not report in her job in the next several days that followed being devastated and frustrated because of this unlawful eviction and willful foreclosure.

31. Debtors and their 24 year-old son, Christopher Fornesa, who graduated as Summa Cum Laude with a perfect 4.0 gpa at University of Houston last May 10, 2018 were greatly devastated and frustrated because they thought that they were protected by the automatic stay pursuant to 11 U.S.C. § 362.

14

32. They signed a one-bedroom apartment lease for six months in Stafford, TX on March 1, 2018 and moved again their appliances, beds, furniture & fixtures, and clothings in the leased apartment on March 2, 2018. Debtor Ricardo Fornesa Jr. always saw his wife crying all the time while unpacking their belongings in the apartment because of the result of this willful foreclosure and this unlawful eviction. They used to own and lived in a three-bedroom house, seven-bedroom house, and a four-bedroom house in the last 20 years that they lived here in Texas doing several businesses, so this situation is very hard for her to bear and caused her severe emotional distress because no reasonable person could be expected to endure it.

33. On March 3, 2018, Debtor Ricardo Fornesa Jr. went back to get his mail in the seized property where the mailbox is located several houses away from 6427 Moreland Lane property. He was able to watch from a far distance how his Nissan van was being towed away by a towing service from the garage. His belongings that were left in the property were already outside in the front yard while a constable car was parked outside. He could not get closer to the house for fear that his neighbors will see him and that would mean additional insult to an injury. It was hard to explain what he was going through in that moment so he just cried aloud inside his car, then hurriedly left the place because he couldn't bear and endure what he was witnessing at

15

that very moment. He was asking himself why it happened like this after so many years of being a successful businessman in Houston,Texas since he was involved in several businesses all his life. He was so devastated and damaged at that time and will not forget this incident as long as he lives.

34. His son, Christopher Fornesa never lived in an apartment since the family moved in Texas in 1997 when he was only four years old. During the next few days, he seldom spoke to his friends after the course of this unlawful eviction. He wouldn't eat and he seldom talked in the next several days after the eviction. His bed was initially in the living room and he didn't have privacy as the bedroom was initially used by his parents. Debtors Ricardo Fornesa Jr. and Cynthia Fornesa became worried and had a heart-to-heart talk with him and found out that he called a "suicide hotline" on the Saturday after the eviction. He was thinking about ending his life because he could no longer bear the frustration and devastation of the eviction and distraction from his studies for his midterm examinations.

35. The debtors spoke with him for a very long time and explained to him that what happened was only a difficult situation that would only be temporary. They decided to let him use the bedroom while the debtors are currently staying in the bed in the living room. Debtor Ricardo Fornesa Jr. made a commitment to him that he will go to law school and promised him that a

16

Petition for Writ of Mandamus to get back the property quickly will be filed in Texas Court of Appeals or in Texas Supreme Court. "There is an ample opportunity to correct any error," he said to his son.

36. Debtor Ricardo Fornesa Jr. graduated Summa Cum Laude in his Bachelor's Degree in September of 2016 at AIU in the study of International Business Administration. He graduated with perfect 4.0 GPA in his Master's Degree on January 30, 2018, being a recipient of medallion award in the study of International Business Administration at American InterContinental University (AIU). Instead of working for Wall Street Global Hedge Funds and Wall Street Holding Companies to become an international business leader or global manager, he enrolled at Concord Law School to get back to Fifth Third few weeks after the unlawful eviction happened. He is now studying a lot of cases as a law student so that he can enhance his legal writing and his legal reasoning to really understand and comprehend and be able to recall the rule of law articulated in this case. He wants to develop his ability to apply the law to the given facts and to reason in a lawyer-like manner because he believed that the facts and the laws are on their side in this willful foreclosure and in this unlawful eviction.

37. On February 28, 2018, Debtors and Registered Owners were unlawfully evicted and lost the most basic protections of the bankruptcy court and

17

suffered actual damages and severe emotional distress from that time up to the present. They were kicked out from their residential homestead even before the Order of Discharge was entered on March 1, 2018 and only retrial to get justice to win this case can possibly make their lives whole again.

38. On March 28, 2018, Appellants filed Petition for Writ of Mandamus docketed as 14-18-00222-CV and on April 2, 2018, Appellants filed again their First Amended Petition for Writ of Mandamus requesting the Appellate Court to grant a writ of mandamus directing Respondent County Court to:

a) Recall the court's unconstitutionally premature mandate;

b) Issue mandamus to Associate Judge Dornburg and Presiding Judge Morales ordering them to perform the ministerial act of signing an order vacating the VOID foreclosure sale and void trustee deed pursuant to Tex.R.Civ.P. Rule 736.11(d); and

c) Issue mandamus to the County Court at Law # 1 ordering the performance of the ministerial acts of:

1) vacating its void orders granting Fifth Third writ of possession to Relators' home and allowing Fifth Third to disgorge Relators of the rights to their residential homestead;

2) dismissal of Fifth Third's forcible detainer action for want of jurisdiction; and

18

3) order Fifth Third to pay restitution to Relators for actual damages, punitive damages, and any other equitable and statutory relief due to Relators.

39. Relators requested Fifth Third to respond to the civil and criminal conspiracy allegations committed from willful foreclosure and unlawful eviction that Debtors and Registered Owners experienced from their residential homestead.

40. On April 6, 2018, Mark Cronenwett of Mackie Wolf Zientz & Mann, P.C., responded that Real Party in Interest, Fifth Third Mortgage Company does not intend to file a response to the petition unless one is requested by the court under Texas Rules of Appellate Procedure 52.4.

41. On April 10, 2018, the Panel consisting of Justices Busby, Brown, and Jewell of Fourteenth Court of Appeals on its own motion, entered an **ORDER** that the Appeal and the Original Proceeding be **CONSOLIDATED.** The court further requested the real parties in interest in case number 14-18-00222-CV who are the appellees in appeal number 14-18-00045-CV, to file a response to the petition for writ of mandamus.

42. On May 4, 2018, Appellants' Opening Brief was received and filed by Fourteenth Court of Appeals. Appellees' brief is due on or before Monday, June 04, 2018.

19

43. On May 11, 2018, Fifth Third filed a Motion to Dismiss Consolidated Appeal and Mandamus because Appellants vacated the subject Property and the only issue in forcible detainer is the right to possession of the premises.

## B. ARGUMENT AND AUTHORITIES

**The check of $7,019.22 received by Fifth Third Bank on April 29, 2015 should be considered the FULL PAYMENT**

If the amount of $7,019.22 ($6,996.99 + $22.23) is received before April 30, 2015, it will be a FULL PAYMENT to cure the default and the loan will have a CURRENT STATUS. The check was received by Fifth Third on April 29, 2015 signed for by A. Keith. Therefore, the default had been cured if the check was only deposited on April 29, 2015 and the account should have been current as of April 30, 2015. (Clerk's Record on pp. 560-562 & p. 410).

Despite of the intended FULL PAYMENT by sending $7,019.22 before April 30, 2015 to cure the default, Fifth Third wanted to foreclose the property because it has a $50,000.00 equity proven in the bench trial on August 3, 2016 by Certified Real Estate Appraiser, Michael Benes. Fifth Third Bank's Senior Vice-President, Brian P. Moore, did not deposit the check on April 29, 2015 and returned it to Debtors on May 4, 2015 claiming that the May payment was not included. (Clerk's Record, pp. 79-82).

The check was received by Fifth Third on April 29, 2015 signed for by A. Keith. Therefore, the default had been cured if the check was only deposited on April 29, 2015 and the account should had been current as of April 30, 2015. *DiSalvo v. Sun Trust Mortgage, Inc., 2D11-2707 (FL Dist. 2 Ct. App., 2013).* Florida's District Court of Appeal determined that Sun Trust Mortgage, Inc. failed to present competent evidence that it provided the DiSalvos with requisite notice and an opportunity to cure the default before the acceleration of the mortgage debt, so the District Court's Order was reversed.

**Willful foreclosure occurred if Fifth Third transferred Debtors' property in their name while automatic stay under 11 USC § 362 was in place**

The automatic stay provision of 11 U.S.C. § 362 is a key component of federal bankruptcy law. The stay prevents the dissipation or diminution of the bankrupt's assets while rehabilitative efforts are undertaken and prohibits the proliferation of numerous claims in different forums against the debtor. The legislative history of section 362(a) and 362(k)(1) underscore its importance so that creditors are not authorized to foreclose a property because it is illegal and unlawful to transfer Debtors' property while the automatic stay under 11 USC § 362 was in place without seeking relief from the Bankruptcy Court.

11 U.S.C. § 362(a) stated that: Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an

21

application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, and applicable to all entities.

11 U.S.C. § 362(k)(1) stated that: Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The property of the estate includes property as to which the debtors have an "arguable" claim. The Court of Appeals for the Fifth Circuit has ruled that if a debtor asserts an interest in property, a creditor is obliged to recognize that the automatic stay prohibits the creditor from taking action against such property even though the debtor's claim to the property is ultimately determined to be without merit. *Brown v. Chestnut, 422 F.3d 198 (5th Cir. 2005)*. The district court erred in absolving Brown's willful violation of the automatic stay with a post-seizure determination of the property's characterization.

There were multiple deceptions, each one calculated to achieve a particular objective, and that is to evict the Debtors who were protected by automatic stay. The first lie is a deception on May 5, 2015, which purported that Debtors and Registered Owners Ricardo Fornesa Jr. and Cynthia Fornesa are not under the protection of any stay under the Bankruptcy Code. The second lie was when Malik Cheatam transferred the title from Mark Anthony Fornesa and Judy Thanh Fornesa to Fifth Third instead from Debtors Ricardo Fornesa Jr. and Cynthia Fornesa to Fifth Third. The third lie was when Michelle Fancher testified falsely on bench

22

trial on August 3, 2016, that Ricardo Fornesa Jr. and Mark Anthony Fornesa called Fifth Third several times after the foreclosure. The fourth lie was when Fifth Third Bank's Senior Vice-President Brian P. Moore stated that the FULL PAYMENT according to Fifth Third's Mortgage Loan Statement did not cure the default based on Fifth Third Bank's Mortgage Loan Statement dated March 17, 2015.

Ricardo Fornesa Jr. and Cynthia Fornesa filed Chapter 13 Reorganization on September 30, 2012, and in the bankruptcy proceeding, they made mention of their investment in the Rosenberg Property and continued to invest until they completed the $21,200.40 pursuant to the Equity Sharing of Real Property. On January 8, 2015, Mark Anthony Fornesa and Judy Thanh Fornesa duly sold, transferred, and assigned all their rights, title, and interest in the property to Debtors. "The Grantors deliver the property to the Grantees "as is" and "with all Faults." This Quit Claim Deed executed on January 10, 2015 by Mark Anthony Fornesa and Judy Thanh Fornesa in favor of Debtors was in effect when Fifth Third foreclosed the property on May 5, 2015 without seeking relief from the Bankruptcy Court.

Fifth Third's conduct of foreclosing the property without seeking relief from the bankruptcy court by submitting false affidavit as well as evicting Debtors was extreme and outrageous because it was "beyond the bounds of decency" and "utterly intolerable in civilized society." There are substantial evidences that Fifth Third's actions in willful foreclosure and unlawful eviction were sufficient to allow

23

a jury to decide if they were extreme or outrageous. The Appellate Court is requested to grant a new trial and needs not dismiss the Consolidated Appeal and Mandamus because these cases were more than ordinary willful foreclosure and unlawful eviction disputes, and reasonable people may differ as to whether the alleged conduct was extreme and outrageous, so it is a question for a jury to decide. Because it is a motion to dismiss, the Appellate Court is viewing the evidence in the light most favorable to Fifth Third but if Appellants' complaint describes a continuous pattern of harassment and retaliatory behavior on the part of Fifth Third, that alleged conduct is sufficiently objectionable that reasonable people may differ as to whether it is extreme or outrageous in light of community standard. Accordingly, Fifth Third has sufficiently caused intentional infliction of emotional distress against the Debtors and their son, Christopher Fornesa. In re *Travelers Ins. Co. v. Smith*, 991 S.W.2d 591 (Ak. 1999), Traveler's argument confuses the intent to cause suffering with the intent to do an act from which suffering can be expected to result. The former may be maliciously intended while the latter may be merely the result of a conscious indifference to the consequences. But even the latter, if sufficiently wanton, will sustain the award. Growth Properties, supra. Because there was substantial evidence to support the jury's verdict finding the tort of outrage, Supreme Court of Arkansas affirmed the trial court's action.

Fifth Third wanted to play the role of a victim that debtors did a forcible entry. In a case like this, where the arguable property is under the protection of automatic stay and assaulted by the mortgage company, it is a duty of the court to scrutinize the evidence submitted to sustain such an assault quite carefully, and such a claim should be allowed only upon fair, reliable, and consistent evidence which shows that it is a just one. If Judge Hoyt's Memorandum Findings of Fact and Conclusions of Law were against the weight of the evidence, the court should be inclined to regard it as the Appellate Court's duty to grant a new trial.

If Judge Morales and Judge Dornburg's Final Judgment based their decision on Judge Hoyt's erroneous Memorandum Findings of Fact and Conclusions of Law, the Appellate Court has a duty to grant a new trial to shed light on the willful foreclosure and unlawful eviction. The final judgment signed by Judge Dornburg and Judge Morales on January 10, 2018 to evict the Debtors must be vacated because the Property was under the protection of automatic stay since January 8, 2015 and therefore it was so wrong to foreclose the Property on May 5, 2015 because automatic stay bars the lenders to transfer any bankruptcy estate pursuant to 11 U.S.C. § 362(a).

Willful violation of the automatic stay is an intentional tort for which compensatory and punitive damage may be awarded pursuant to 11 U.S.C. § 362(h). Intentional tort is a civil wrong because it is an act that gives rise to an

25

injury or harm to another and amounts to a civil wrong for which courts impose liability. Imposition of damages for willful violation of the automatic stay serves an important purpose because it provides compensation for and punishment of intentionally wrongful conduct.

Appellants respectfully request that Fourteenth Court of Appeals reverse the County Court's Final Judgment and remand this case for entry of an amended judgment for further proceedings consistent with authenticated documentary and genuine object evidences.

Respectfully submitted,

By _____
RICARDO FORNESA JR.

By _____
CYNTHIA FORNESA

By _____
JUDY THANH FORNESA

By _____
MARK ANTHONY FORNESA
10498 Fountain Lake Drive, # 1416
Stafford, TX 77477
Tel. (832) 704-2872
Email: ricardo.fornesajr@aol.com
PRO SE LITIGANTS

## CERTIFICATE OF SERVICE

The undersigned certify that a true copy of this document has been mailed

to Plaintiffs – Appellees FIFTH THIRD MORTGAGE COMPANY and FIFTH

THIRD BANK at 5001 Kingsley Drive, MD MOBBW, Cincinnati, OH 45227.

The same true copy has been mailed also to MARK D. CRONENWETT,

Attorney for Plaintiffs – Appellees, at 14160 N. Dallas Parkway, Suite 900,

Dallas, Texas 75254 on May 18, 2018 via Pre-Paid U.S. Mail in accordance

with the Texas Rules of Civil Procedures.

VIA PRE-PAID U.S. MAIL
**FIFTH THIRD MORTGAGE COMPANY**
**C/O FIFTH THIRD BANK**
5001 Kingsley Drive, MD MOBBW
Cincinnati, OH 45227
*Plaintiffs - Appellees*

VIA PRE-PAID U.S. MAIL
**MARK D. CRONENWETT**
**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
*Attorney for Plaintiffs – Appellees*

RICARDO FORNESA JR.

CYNTHIA FORNESA

JUDY THANH FORNESA

MARK ANTHONY FORNESA

27